THOMAS, Chief Judge,
concurring:
Given the standard of review required by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), I concur in the majority opinion. Because the state of the law concerning pre-interrogation assertion of Miranda rights is not “clearly established,” the state court decision in this case was not “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254. The Supreme Court has “never held that a person can invoke his Miranda rights anticipatorily, in a context other than ‘custodial interrogation.’ ” McNeil v. Wisconsin, 501 U.S. 171, 182 n.3, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). And a suspect’s “refusal to take a [lawfully-requested] blood-alcohol test” is neither a coerced act, nor is it “protected by the privilege against self-incrimination.” South Dakota v. Neville, 459 U.S. 553, 564, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).
However, if this appeal were on direct review, one might reach a different conclusion. The defendant anticipatorily asserted his Miranda rights while in custody in connection with the police request that he submit to a blood alcohol test. Nevertheless, the police continued the questioning and, at some point, provided a Miranda *1191 warning. This situation, under Supreme Court jurisprudence, would present a legitimate Miranda/Edwards issue on direct review. See Missouri v. Seibert, 542 U.S. 600, 613-14, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (“[WJhen Miranda warnings are inserted in the midst of coordinated and continuing interrogation, they are likely to mislead and deprive a defendant of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them.”) (quoting Moran v. Burbine, 475 U.S. 412, 424, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986)) (alterations omitted); Montejo v. Louisiana, 556 U.S. 778, 794-95, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009) (explaining that once a defendant has invoked his right to counsel, “not only must thq immediate contact end, but ‘badgering’ by later requests is prohibited”) (citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Minnick v. Mississippi, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990)). But that question is for another day, and it is unnecessary for us to opine on that question here. On AEDPA review, I agree that the district court should be affirmed, and I concur in the majority opinion.